JUSTICE COTTER
dissents.
¶96 I too dissent from the reversal of the District Court. Like Justice Rice, I agree with the Court’s application of our informant reliability standards to stops which are premised on particularized suspicion. I further agree that there was sufficient particularized suspicion to justify the stop of the defendants. I would affirm based upon our holding in Pratt, to the effect that an officer may infer that information provided by an informant is based on an informant’s personal observations if the information contains enough detail to establish that it has not been fabricated. See ¶ 86 of Justice Rice’s dissent. I would further note in response to the Court’s conclusion that the informant had “uncertain liability for falsely reporting” (¶ 64), that this informant was at risk for providing false information, in that she was on probation at the time she gave her information to authorities, and presumably was therefore subject to probation revocation if she violated the law.
*465 ¶97 With Pratt as legal backdrop, and given the considerable and unique set of facts with which the District Court was faced, I would simply conclude that the District Court’s findings that the officers had information from a reliable source that the defendants were transporting drugs and that the police sufficiently corroborated the informant’s tip were not clearly erroneous. While we all wish the record was better-and I agree with the Court that we should not have to read between the lines to find a sufficient indicia of reliability-no clear error was committed by the District Court. There is ample legal support in Pratt for the District Court’s findings. I would therefore affirm.